## Heusner *v.* Baugher and Kohler, Appellants.

*Equity—Jurisdiction—Trade names—Unfair trade competition —Cigar box labels—Wrongful imitation—Equity—Preliminary injunction.*

An order continuing a preliminary injunction until final hearing was affirmed where it appeared that plaintiff was a cigar manufacturer and had used in his business for many years a trade name and labels of a distinctive design, and that defendant cigar company simulated plaintiff's labels and used plaintiff's trade name in such a way as to deceive the public; particularly where defendants had admitted in writing that they had no property right in plaintiff's design and trade name.

Argued March 1, 1915. Appeal, No. 344, Jan. T., 1915, by defendants, from decree of C. P. York Co., April T., 1914, No. 6, continuing preliminary injunction in case of H. N. Heusner v. William E. Baugher and George M. Kohler, trading and doing business as Baugher & Kohler. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear in the following opinion of Ross, J., sur plaintiff's motion to continue the injunction until final hearing:

### FINDINGS OF FACTS.

1st. The plaintiff is engaged in the business of manufacturing and selling cigars in the Borough of Hanover, York County, Pennsylvania, and has been so engaged then and there, since 1895.

2d. In the year 1899, the plaintiff originated a design for a trade label, containing the words "Fahey's Special" "Havana Filler," and a picture or likeness of a certain M. B. Fahey.

3d. The plaintiff subsequently in the year 1899, at his own expense, had the design so originated, printed and made into labels which labels were placed upon cigar boxes which contained cigars manufactured exclusively by the plaintiff.

4th. The picture or likeness of M. B. Fahey, which was a part of said labels, was made from a photograph of M. B. Fahey, which the plaintiff had obtained from M. B. Fahey, with the consent of M. B. Fahey that it should be used for said label, which was to designate certain cigars to be manufactured by the plaintiff.

5th. All the cigars manufactured by plaintiff and placed in the boxes to which said labels were attached were sold to M. B. Fahey until his death.

6th. The said M. B. Fahey resided in Chester, Pennsylvania, and was engaged in the business of selling cigars. He bought from plaintiff all the cigars manufactured by him which were placed in boxes containing said labels; and he disposed of them to the public in general and continued to do so until his death.

7th. By reason of the continued use of said labels on the boxes containing the cigars manufactured by the plaintiff, they have become well known in the market as "Fahey's Special" cigars, and as such have been sold to and bought by a trade which appears to have largely increased since the adoption and use of the said label.

8th. After the death of said M. B. Fahey, the defendants, William E. Baugher and George M. Kohler, trading under the firm name of Baugher & Kohler in the Borough of Hanover, Pennsylvania, as cigar manufacturers, have been manufacturing a cigar similar in appearance to the cigars manufactured by the plaintiff, which they offer for sale in boxes labelled "Fahey's Special" and "Havana Filler," and which said labels in addition to the above words, contained a picture or likeness of said M. B. Fahey, which said labels are so similar to the ones so used by the plaintiff, as to lead purchasers

into mistaking them for the same labels and cigars so manufactured and sold by the plaintiff.

9th. On June 17th, 1911, the defendants executed and delivered to the plaintiff, the agreement, of which the following is a copy.

"Whereas, W. E. Baugher and George M. Kohler, trading as Baugher & Kohler, in the Borough of Hanover, Pa., having manufactured and sold to W. T. Fahey, of Chester, Pa., at the special order and request of said W. T. Fahey certain cigars in boxes and labelled 'Fahey's Special,' and,

"Whereas, the ownership and sole right to use said marking and label known as 'Fahey's Special' in the manufacture of cigars is claimed by H. N. Heusner of the Borough of Hanover, Pa.

"Now know all men by these presents, that we, W. E. Baugher and George M. Kohler, as individuals and as copartners, trading as Baugher & Kohler, do hereby declare and acknowledge that neither we, nor neither of us, nor the partnership known as Baugher & Kohler, have any claim to any ownership, property right, or other right, in and to cigar box markings and labels known as 'Fahey's Special'; the ownership whereof is claimed by H. N. Heusner; nor have we as individuals, or the partnership aforesaid, any right to manufacture and sell cigars packed in boxes marked and labelled 'Fahey's Special';

"And we, as individuals, for ourselves and the partnership aforesaid, do hereby declare and agree to and with H. N. Heusner, that we, as individuals and as the partnership aforesaid, will not manufacture and sell, or offer to sell, either directly or indirectly, to any one cigars in boxes marked and labelled 'Fahey's Special', provided, however, that if at any time in the future it shall be legally determined that the ownership and sole right to use said marking and label known as 'Fahey's Special' does not belong to the said H. N. Heusner, then

and in that case, this agreement shall be void and of no effect.

"It is further agreed by and on the part of the said H. N. Heusner that for and in consideration of the execution of this agreement by Baugher & Kohler, the said H. N. Heusner hereby waives any action or right of action which the said Heusner may have against the said Baugher & Kohler for and by reason of the manufacture of cigars known as 'Fahey's Special' as hereinbefore mentioned.

"In witness whereof, we have hereunto set our hands this 17th day of June, 1911.

"Witness present:

"C. E. Ehrhart as to                    W. E. BAUGHER,

"W. E. Baugher and Geo.

"M. Kohler"                             GEO. M. KOHLER.

10th. It is evident that the defendants were aware of the adoption of the label by the plaintiff and of his application of it to the cigars which he manufactured and sold, years before, they began to apply it to cigars manufactured and so sold by themselves.

### DISCUSSION OF THE LAW.

The above facts are drawn from the undenied pleadings and the testimony taken at the hearing.

It is well established in law that "anything done by a rival in the same business, by imitation or otherwise, designed or calculated to mislead the public in the belief that in buying the product offered by him for sale, they were buying the product of another manufacturer, would be in fraud of the other's rights, and would afford just grounds for equitable interference."

Hohenstein v. Perelstine, 37 Pa. Super. Ct., 540; Portuondo Cigar Mfg. Co. v. Portuondo Cigar Mfg. Co., 222 Pa. 116.

The facts very clearly show that the design (a combination of words, lines and likeness of M. B. Fahey in artistic arrangement) had been adopted and used by

plaintiff as a label, to designate a particular class of his own manufactured goods; and that such were on the market originally as a result of his own productive energy.

It is but a natural inference, that the defendants' idea in subsequently adopting a copy of the labels, was for the purpose of gaining an advantage by inducing the purchasing public to believe that their products were the same as plaintiff's.

The office of a trade-mark is to point out distinctly the origin of ownership of the article to which it is affixed, and thus to protect the purchaser as well as the vendor; a name, device or symbol, although arbitrary and fanciful may, in process of time, come, by association, to point unmistakably to the origin of the article, although not immediately connected with the name of the owner or place of manufacture.

Fraim Lock Company v. Shimer, 43 Pa. Super. Ct. 221.

### CONCLUSION OF LAW.

The preliminary injunction granted in this case must be continued until after final hearing.

The court continued the injunction until final hearing. Defendants appealed.

*Error assigned* was in continuing the injunction.

*J. S. Black,* for appellant.

*John J. Bollinger,* for appellee.

PER CURIAM, March 15, 1915:

This is an appeal from an order granting a preliminary injunction. We are not convinced that injustice will be done by continuing the injunction and therefore, in accordance with our practice, the appeal is dismissed.